Daniel, J.
The Circuit court did right, in refusing to quash the writ, and also in refusing to receive the two pleas tendered by the plaintiff in error in abatement of the writ. Objections which do not go to the substance of an action are treated as waived if not made when the occasion for them arises. It is a well established rule that by appearing and pleading to the action the defendant waives all defects in the process and in the service thereof. The cases go further and imply such a waiver from the defendants taking or consenting to a continuance, as fully as they do from his pleading to the action. The object of the writ is to apprise the defendant of the nature of the proceeding against him. The fact of his taking or agreeing to a continuance is evidence of his having made himself a party to the record, and, of his having recognized the case as in court. It is too late for him afterwards to say that he has not been regularly brought into court. Here the plaintiff in error appeared at the November term 1854, by his attorney and moved to set aside the verdict and judg *415 ment rendered against him on a previous day of the term. At the May term in 1855, he moved for and obtained a continuance; and it is not till December, 1857, more than three years after his first appearance, that he seeks by his motion and pleas to raise objections to the service of the process.
The question presented by the plea designated as special plea Y is not materially variant from that just adjudicated by the court in Harvey v. Skipwith & others, in passing upon plea VI in that case.
There was no error in giving the instruction Ho. 1 offered by the defendant in error. The principle which it asserts is identical with that propounded in the instruction given at the instance of the defendant in error in Harvey v. Skipwith & others.
In the case of Howell v. Cowles, 6 Gratt. 393, and Towner v. Lucas, 13 Gratt. 705, 723, this court has expressed the opinion that the true function of an ordinary hire bond is, not to stipulate for the mode in which the slave is to be employed, but to bind the bailee for the payment of the hire.; that the execution of a bond or note for the price does not extinguish so much of the contract of hiring as may relate to the manner in which the slave is to be employed; and that, hence, oral evidence showing that there were restrictions as to the mode of employing the slave does not vary or contradict the written instrument, but is consistent with it, and may be properly admitted. The Circuit court, in accordance with these views, properly refused to give instruction A asked by the plaintiff in error.
For the reasons stated, in sustaining the refusal of the Circuit court to give the fifth instruction asked by the plaintiff in error in Harvey v. Skipwith & others, the Circuit court did right in this case in refusing to give instruction B.
Waiving all question as to the alleged irregularity in *416 the bill of exceptions to the 'action of the court in setting aside the verdict obtained by Harvey on the second trial in this case, I think that the course of the C0U1’k was °learty right; as it was, also, in refusing to 'set aside the verdict rendered in favor of Mrs. Skipwith on the third trial. On both of these trials as in Harvey v. Skipwith & others, the main question on which the case turned must have been whether the employment by Harvey, of the slave, to bring up the keg of powder from its place of deposit to the point at which it was to be used in blasting, was in violation of the true spirit and meaning of the contract of hiring. In the declaration in each case it is alleged that the slave was hired and delivered to the defendant upon the terms and the distinct understanding and agreement that the said slave should not be employed in blasting rocks or using powder while in the service of the said defendant, or exposed to hazard of life or serious injury from being thus- dangerously employed. The record discloses substantially the same state of the proofs, in respect to the contract of hiring, on all of the trials, with the exception that, what we may fairly infer from the conversation between the witness Skipwith and Harvey detailed by the former to the jury, in Harvey v. Skipwith & others, and on the third trial in this case, is, in the certificate of the facts appearing on the second trial in this case, explicitly stated by the court to have been proved; the certificate in that particular being that the witness proved that he “ concluded with Harvey a contract for the hiring of the negro Jefferson, such as is set 'out in the plaintiff’s declaration.” On each occasion the Circuit court properly refused, as it seems to me, to adopt the narrow and restricted interpretation of the contract contended for by Harvey. I cannot undertake to say that the parties, in view of the danger attending the use of powder by evep the most prudent and cautious *417 persons, and with a knowledge of the notorious improvidence and carelessness of our negro slaves, did not mean to guard, not only against the employment of the slave in blasting, hut also against his being allowed to use or handle powder in any manner. The injury complained of is clearly proved to have been a consequence •of a departure by the plaintiff in error from the terms of his contract: a consequence by no means unnatural or extraordinary, but rather affording only another illustration of the dangerous nature of the subject, the use of which by the slave in any way is by the letter of the contract forbidden. I see no warrant for saying that this consequence is one which does not fall within the true scops and purview of said contract.
I see no error in the proceedings, and am for affirming the judgment
The other judges concurred in the opinion o£ Paniel, J.
Judgment affirmed.